THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MACK ALLEN WILLIS II,

    Plaintiff,

v.                                                  No.: 5:24-cv-00684-JSM-PRL

U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FOIA COMPLAINT**

This case concerns two Freedom of Information Act ("FOIA") requests Plaintiff claims he submitted to the Federal Bureau of Prisons ("BOP")[1] seeking records related to alleged incidents that occurred during his employment at U.S.P. Coleman. (Doc. 1, ¶¶ 2, 6, 8). The complaint (Doc. 1) must be dismissed for failure to state a claim because Plaintiff failed to properly submit any FOIA requests and failed to exhaust his administrative remedies in connection with any alleged FOIA requests.

**FACTUAL BACKGROUND**

According to the complaint, Plaintiff submitted two FOIA requests "seeking records related to assaults upon his person by co-workers at U.S.P. Coleman, a federal prison located within this District." (Doc. 1, p. 1).

---

[1] The United States Attorney for the Middle District of Florida was served with this action on December 18, 2024. (Doc. 6). Plaintiff has not yet obtained proper service on BOP under Federal Rule of Civil Procedure 4(i). Indeed, a review of the docket in this case reveals no return of service documents for BOP.

### The March 12, 2024, FOIA Request

Plaintiff alleges that "on March 12, 2024, utilizing the F.P.S. Coleman online access designated for this purpose, Plaintiff made a FOIA request to Defendant" for several documents, including "videotape," "incident reports," and an "investigative report." (Doc. 1, ¶ 6). The complaint states that a "true and correct copy of the request is attached as Exhibit 1," but there are no exhibits attached to the complaint. *Id.* Plaintiff further claims that despite his "repeated inquiries" BOP did not respond to his March 2024 FOIA request. (Doc. 1, ¶ 7). The complaint provides no details or evidence of the alleged "repeated inquiries" from Plaintiff to BOP. The complaint does not allege that BOP FOIA staff confirmed receipt of Plaintiff's purported FOIA requests, or that BOP assigned the FOIA requests a tracking number, as is procedure for FOIA requests received by BOP. *See* Declaration of Kara Christenson, attached hereto as **Exhibit A.**

### The September 25, 2024, FOIA Request

Plaintiff alleges that "on September 25, 2024, utilizing the F.P.S. Coleman online access designated for this purpose, Plaintiff made a FOIA request to Defendant for the same information and documents that were the subject of his March 12, 2024, request." (Doc. 1, ¶ 8). The complaint states that a "true and correct copy of the request is attached as Exhibit 2," but there are no exhibits attached to the complaint. *Id.* Plaintiff further claims that despite his "repeated inquiries" BOP did not respond to

his March 2024 FOIA request. (Doc. 1, ¶ 9). The complaint provides no details or evidence of the alleged "repeated inquiries" from Plaintiff to BOP.

The complaint does not allege that BOP FOIA staff confirmed receipt of Plaintiff's purported FOIA requests, or that BOP assigned the FOIA requests a tracking number, as is procedure for FOIA requests received by BOP. Exhibit A, ¶ 8. Plaintiff makes no mention of any appeals filed with BOP, any administrative claims filed with BOP relating to his alleged FOIA requests, or any further action taken before filing this lawsuit.

## ARGUMENT

The Court should dismiss the FOIA complaint for failure to state a claim because Plaintiff has not exhausted the administrative remedies available to him. For a court to have jurisdiction over a FOIA claim, the requesting party must demonstrate that the agency improperly withheld the requested records. *Kissinger v. Reports Comm. for Freedom of the Press*, 445 U.S. 150 (1980). Moreover, a FOIA requester must exhaust all administrative remedies, including completing the administrative appeal process, before seeking judicial review in federal court. *Oglesby v. Department of the Army*, 920 F.2d 57, 61-62 (D.D.C. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts."). "The purpose of the administrative exhaustion requirement is to put the agency on notice of all issues in contention and to allow the agency an opportunity to investigate those issues." *Griffin v. Carlin*, 755 F.2d 1516, 1531 (11th Cir. 1985).

Exhaustion of administrative remedies under FOIA is not a jurisdictional requirement, but it is a "condition precedent" to filing suit. *Taylor v. Appleton*, 30 F.3d 1365, 1367 n.3 (11th Cir. 1994) ("This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary."); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.D.C. 2003) (finding that FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review" and remanding the case with instructions to the district court to dismiss the FOIA complaint under FRCP 12(b)(6) for failure to exhaust administrative remedies). At the dismissal stage, a court may consider matters judicially noticed, such as public records, or documents that are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Here, as laid out in Ms. Christenson's declaration, BOP has no record of Plaintiff having submitted any FOIA requests. Exhibit A, ¶ 9, 10. There are no FOIA requests attached to the complaint, and no allegations that Plaintiff received confirmation from BOP that his FOIA requests were received or had been assigned a tracking number, as is BOP procedure. Exhibit A, ¶ 8. The complaint fails to establish that Plaintiff used the proper channels—paper or electronic submission—to submit valid FOIA requests. Exhibit A, ¶¶ 9-11. Moreover, Plaintiff fails to allege or establish that he appealed or otherwise exhausted his administrative remedies before filing this lawsuit. *See Thompson v. U.S. Marine Corp.*, 398 Fed. Appx. 532, 535 (11th Cir. 2010) (dismissing lawsuit for failure to state a claim when plaintiff failed to pursue an

appeal—or all available administrative remedies—before filing suit). Because Plaintiff fails to state a claim, the FOIA Complaint must be dismissed.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that I conferred with counsel for Plaintiff via telephone on January 13, 2025, and via email on January 15, 2025, in a good faith effort to resolve the motion. Mr. Roberts represented that he is opposed to the relief requested herein.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

*s/ Stephanie S. Leuthauser*
**STEPHANIE S. LEUTHAUSER***
Assistant United States Attorney
Florida Bar No. 0044981
**\*LEAD COUNSEL**
**CONOR FLYNN**
Assistant United States Attorney
Florida Bar No. 1010091
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsímile: (813) 274-6198
E-Mail: Stephanie.Leuthauser@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Gabe Roberts, Esq.

*s/ Stephanie S. Leuthauser*
STEPHANIE S. LEUTHAUSER
Assistant United States Attorney